## SUPREME COURT.

### HERNSTIEN agt. MATTHEWSON.

Although the Code authorises an attachment to issue, against a non resident, in any action for the recovery of money, whether for a wrong or on contract, it is only in the latter case that a suit can be commenced, unless the defendant can be served with summons within this state.

In the case of an attachment for a *tort*, where the defendant does not voluntarily appear, there is no provision whatever for commencing a suit, or proceeding to judgment and execution. Consequently the attachment upon the property of the non resident should be discharged.

Whether the court should construe such an attachment as a means of compelling an appearance merely. *Quere?*

*New York Special Term, Oct.* 1850. On an affidavit setting forth that this was an action for a tort and not arising on contract, against a non resident defendant against whom an attachment had issued, and who had refused to appear in the suit except for the purposes of this motion,

MR. RUSSELL, *for Defendant,* moved that the attachment be discharged.

  MR. BUSTEED, *Contra.*

EDMONDS, Justice.—It is true the Code has allowed an attachment to issue against a non resident defendant, in every action whether for a wrong or on contract, but unfortunately has provided no mode in which such a suit can be commenced or carried to judgment. Under the Revised Statutes in such cases, the attachment was the commencement of a suit and on that judgment might be perfected. But under the Code there is but one mode of commencing a suit and that is by serving a summons, the attachment not being allowed any longer to be a mode of commencing a suit.

Section 227 allows an attachment to issue " in an action for the recovery of money." By section 127, civil actions shall be commenced by the service of a summons. By section 133 it may be served personally in any county in this state; and by section 135, where the defendant can not, after due diligence be found,

Hernstien agt. Matthewson.

within the state, the summons may be served by publication, among other cases, where the defendant is a non resident, but has property in the state, and " *the action is on contract.*"

So that though an attachment may issue in any action for the recovery of money, whether for a wrong or on contract, it is only in the latter case that a suit can be commenced unless the defendant can be served with a summons within this state.

The defendant may voluntarily appear, and in that event he may have his property released from the attachment by giving an undertaking, and the plaintiff may proceed to judgment, the court by the defendant's appearing, obtaining jurisdiction of the case.

But if he does not appear, he can not give the undertaking and have his property discharged, nor can the plaintiff ever have that property available to the satisfaction of his claim, because he can not proceed to judgment and execution, and the property seized under the attachment remain in the sheriff's hands without any advantage to the plaintiff.

The only advantage the attachment can be in such a case, would be to use it as a means of compelling the defendant to appear in the suit and subject himself to the jurisdiction of the court. Whether such was the intention of the Code, or whether this state of things is one of those imperfections of the Code which are so frequently lamented, is not so clear to me as to warrant me in laying it down as a general rule that an attachment may and ought to be used as such a means of coercion. There may be cases in which such a use of it may be justified. It is enough, however, for this motion, to say that this is not such a case, and inasmuch as the defendant refuses to appear in the suit, and as the attachment can be of no possible advantage to the plaintiff and is merely an instrument of taking the defend ant's property out of his hands, without a possibility of its enuring to the benefit of the plaintiff, it ought to be discharged.

Motion granted without costs.