SUPREME COURT.

THE CEMETERY BOARD OF THE TOWN OF HYDE PARK agt. TELLER AND OTHERS.

In an action brought to recover $200, the liquidated damages expressed in a contract to convey lands, the notice in the summons should be made under the *first subdivision of* § 129 *of the Code.* Because the action is on contract for the recovery of money only.

But, *it seems,* that where the action is brought to recover damages for a *breach of contract,* the notice in the summons should be under the 2d *sub. of* § 129.

*Dutchess Special Term, December,* 1853. The action is brought to recover $200, the liquidated damages for non-performance of a contract to convey lands. The notice in the summons states that if defendants fail to answer, the plaintiffs will apply *to the court* for the relief demanded in the complaint.

The defendants move to set aside the summons for not conforming to the complaint.

J. THOMPSON, *for Defendants.*

E. Q. ELDRIDGE, *for Plaintiffs.*

BARCULO, Justice.—I must admit that I never was very strongly impressed with the correctness of the decision in Williams agt. Miller, (4 *How.* 94,) where it was held that an action for a breach of promise of marriage fell under the first subdivision of section 129, as being on a contract for the recovery of money only. On the contrary, it seemed to me that the contract was for something quite different; and indeed, that money did not enter into it, directly, at all. Nor do I suppose that the plaintiff should be permitted to take judgment without

applying to the court, in case of a breach of a contract, where the suit is brought to recover damages, as was decided in Trapp agt. The N. Y. and Erie R. R. Co., (6 *How.* 237.) I suppose that that subdivision ought only to be applied to those contracts which *in terms* provide for the payment of money. In other words, I suppose the Code manufactors intended to retain the substance of the old practice, but, to make it new and original, atttempted to put it into a new dress, and, as usually happens with them, failed to express themselves so as to be understood.

But this case does not stand upon the same ground as those above cited. It will, therefore, be unnecessary to determine whether they are to be followed.

In this case the contract provides expressly for the payment of $200, as the liquidated damages, and there can be no reason for saying that it does not fall within the clause above mentioned.

The motion to set aside summons must be granted, with leave to plaintiffs to amend the same within twenty days, on payment of five dollars costs.