### WARD & PARKER *vs.* BEGG.

In order to justify the issuing of an attachment, under the code, it is not necessary that the plaintiff should have a cause of action for the payment of money merely. It is enough that a cause of action exists against the defendant, and that the amount of the claim, and the grounds thereof are stated.

Where the defendant agreed that if the plaintiffs would sell him goods on credit, and also guaranty his liability to W. B. & Co., to the amount of $1302.88, he would ship and consign to them all the fish which he should become possessed of, in his business in Nova Scotia, as security for the guaranty and for the value of the goods to be sold to him, and the plaintiffs on the faith of this agreement sold the defendant goods on credit, to the amount of $1045, and guarantied the payment of his debt to W. B. & Co.; *Held,* that upon the defendant's sending fish to New-York, which he refused to consign to the plaintiffs, that part of the contract relative to the giving of security for the payment of the plaintiffs' debt and their guaranty to W. B. & Co. was broken, and he was liable to be sued; and that a suit having been brought to recover damages for such breach, the plaintiffs were entitled to an *attachment,* without waiting until the term of credit had expired.

THIS was an appeal by the plaintiffs from an order made at a special term, setting aside an attachment issued against the defendant as a non-resident debtor. The affidavit of Willis L. Parker, one of the plaintiffs, upon which the attachment was

applied for, set forth the following facts : that a summons in this action for the recovery of money had been issued to the sheriff of the city and county of New-York for service on the defendant ; that the defendant was indebted *or liable* to the plaintiffs in the sum of $2347.88, and that the grounds of the plaintiffs' claim were as follows, to wit : In the month of April last the defendant was in the city of New-York seeking to buy goods, and applied to the deponents' firm, of Ward & Parker, to sell him goods *on credit*, and also requested them to guaranty his liability to the firm of Williams, Bradford & Co. for goods sold, to the amount of $1302.88 ; and the defendant thereupon promised and agreed to and with the deponents' firm, that if they would so sell him goods on credit, and would also *guaranty his said liability* to Williams, Bradford & Co. that he, the defendant, would ship and consign to Ward & Parker, and put into their hands, all the fish he should take or become possessed of in his business in Nova Scotia, to be held by Ward & Parker as *security for payment* for said goods sold to the defendant by Ward & Parker, and also as security against liability on said guaranty. That thereupon, on the faith of said promise and agreement, Ward & Parker sold and delivered to the defendant goods to the amount of $1045, and guarantied to said Williams, Bradford & Co. the payment of their bill of goods sold to the defendant, to the amount of $1302.88. That the defendant had now, in the city of New-York, a large amount in value of fish taken, and which he became possessed of in his said business ; that the deponent, for his firm, had demanded from said defendant that he consign and deliver said fish to his firm, to secure them as aforesaid ; but that he utterly neglected and refused to do so, or to consign or deliver any part thereof to them. That said fish then in the possession of the defendant, in the city of New-York, were worth more than the sum of $2500. And that no part of the said indebtedness to the plaintiffs for goods sold had been paid or secured, and the whole amount above mentioned was still unpaid to Williams, Bradford & Co., and the deponents' firm were liable therefor, and had no security therefor. And

that the defendant was a non-resident of the state of New-York, and resided in the province of Nova Scotia.

This affidavit was sworn to, on the 16th day of August, 1853, before the term of credit given to the defendant had expired. The facts stated in this affidavit were mostly denied by the defendant, in his affidavit, but were confirmed by the affidavit of Henry Ward. The court, at special term, set aside the attachment on the ground that, whatever claim the plaintiffs might have against the defendant for damages, for not consigning the fish, they had no claim for their own debt, nor that guarantied by them, until they had become due.

*A. F. Smith,* for the appellants.

*Charles Edwards,* for the defendant.

*By the Court,* MITCHELL, J. This motion comes on upon an appeal from an order discharging an attachment. The plaintiff Parker swore that the defendant Begg agreed that if the plaintiff would sell him goods on credit, and also guaranty his liability to another firm to the amount of $1302.88, he would ship and consign to them all the fish which he should become possessed of in his business in Nova Scotia, as security for the guaranty and the goods to be sold to him. That the plaintiffs sold the defendant the goods on credit, and became guarantors to the other firm, and that the defendant has since sent fish from Nova Scotia, which he then had in his business, to New-York, but although requested, he refuses to consign them to the plaintiffs; and that the defendant is a non-resident of the state. On this an attachment was issued. The defendant denies the agreement to consign to the plaintiffs. But it is confirmed by a son of the other plaintiff. The special term discharged the attachment, as is stated, on the ground that as the credit on the sale of the goods had not expired, there was no such cause of action as authorized an attachment.

There were two contracts; one to pay for the goods when the credit should expire, and the other to give the plaintiffs security

Ward *v.* Begg.

for the payment of the goods and for their guaranty by sending the defendant's fish and consigning it to the plaintiffs. This last part of the contract the defendant has broken, and he was liable to be sued for the breach of it, as soon as it was broken. It is as if he had procured a loan of $1000 payable in a year, and had promised on demand to secure the payment by a mortgage on his lands. If he refused (when required) to give the mortgage, he could be sued for that violation of his agreement, and a specific performance be enforced; or the same effect be obtained by a prompt judgment for the amount loaned. Here he agreed to give, not a mortgage on his lands, but what is nearly the same, a lien or hypothecation on his fish, and the plaintiffs are entitled to the same relief as if the agreement were for real estate security.

If a judgment were obtained before the credit expired, the courts have sufficient equity powers over their own judgments to postpone the collection of the amount of the judgment until the credit should expire, or to vacate it if the security agreed on should be given : thus justice would be done to all parties.

It is not necessary, under the code, that the plaintiffs should have a cause of action for the payment of money merely, to have an attachment; it is enough that "a cause of action exists against the defendant," and that the amount of the claim, and the grounds thereof, are stated. (*Code*, § 229.) In such a case as this the amount of the claim is the debt payable and the amount of the guaranty; for to that extent the defendant had promised to secure the plaintiffs; and the action is properly brought for damages for a breach of that promise, or for a judgment to operate as such security as was agreed on.

Order of special term reversed, without costs.

[NEW-YORK GENERAL TERM, June 1, 1854. *Mitchell, Roosevelt* and *Clerke*, Justices.]