# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

## GORDON *a.* GAFFEY.

*Supreme Court, Third District; Special Term, March,* 1859.

ATTACHMENT.—ACTION FOR THE RECOVERY OF MONEY.

The Code does not authorize an attachment as a provisional remedy, in actions for wrongs.

Motion to set aside warrant of attachment as unauthorized by law.

The facts are stated in the opinion of the court.

*H. Smith,* for the motion.

*C. A. Runkle,* opposed.

HOGEBOOM, J.—The summons in this action gives notice that "the plaintiff will apply to the court for the *relief* demanded in the complaint."

The complaint alleges that the barn, shed, and corncrib of the plaintiff, in Schoharie county, were destroyed by fire in August last; that they contained hay, fowls, buckwheat, sleighs, forks, rakes, shovels, and various other farming utensils, the property of the plaintiff, which were also destroyed by fire;

the said barn, shed, corncrib, and the contents thereof, being of the value of $1100 ; that said buildings were *set on fire* by defendant, and thereby said buildings and their contents destroyed, and that the defendant wrongfully and designedly destroyed the same ; that in consequence thereof plaintiff has suffered additional damage to the amount of $100, in the inconvenience, loss, and expense of being deprived of their use, and in gathering and storing the produce of his farm. The complaint claims damages to the amount of $1200. Upon the summons and complaint, and an affidavit stating substantially these facts, and further stating facts tending to show that the defendant has absconded or is concealed, the plaintiff obtained from the county judge of Schoharie county a warrant of attachment against the property of the defendant, which the defendant now moves to set aside, upon the ground that the attachment is unauthorized by law.

I am of opinion that the motion should be granted, for the following reasons :

1. Section 277 of the Code authorizes an attachment " in an action for the *recovery of money*." This language must receive a reasonable construction in view of the probable intent of the Legislature, and former statutes regulating attachments against property. I think it refers to cases where a *sum of money* is specified in the summons, as the sum for which the plaintiff will take judgment, if the defendant fail to answer the complaint. (*Code*, § 129.)

2. The attachments authorized by the Revised Statutes were limited to cases where the action was upon contract, and where the relation of debtor and creditor existed. Although the relief is extended under the Code, I see no reason to believe that the remedy was intended to embrace torts or wrongs. Section 227 speaks of an assignment, or disposition of property with intent to *defraud creditors*, as one of the cases authorizing an attachment. Section 229 requires the amount of the *claim* to be specified in the affidavit. Section 231 provides that the attachment shall require the sheriff to attach so much of the property as shall be sufficient to satisfy the plaintiff's *demand*.

3. If the plaintiff is right in his construction of the statute, then a warrant of attachment may be issued in all cases of tres-

pass, trover, slander, libel, assault and battery, and kindred actions.

This would be an entirely new construction of the phrase, an action " for the recovery of money," and was *not*, I think, contemplated by the Legislature. (See The People *a.* Bennett, 6 *Abbotts' Pr.*, 343 ; Tuttle *a.* Smith, *Ib.*, 329 ; S. C., 14 *How. Pr.*, 395; West *a.* Brewster, 1 *Duer*, 647 ; Hyde Park *a.* Teller, 8 *How. Pr.*, 504 ; Field *a.* Morse, 7 *Ib.*, 12 ; Voorhies *a.* Scofield, *Ib.*, 51.)

4. In regard to the case of Ward *a.* Bigg (18 *Barb.*, 139), it is sufficient to say it does not cover the case. It was both an action upon *contract*, and the summons was for the *recovery of money*. In regard to the case of Hernstein *a.* Matthewsen (5 *How. Pr.*, 196), so far as it discusses the question involved in this case, I think it was not well decided.

Without further enlarging upon the considerations which favor the conclusion, that the present is not one of the cases in which the Legislature intended an attachment to issue, I am of opinion that the warrant of attachment should be set aside, with ten dollars costs.