# SUPREME COURT.

### CONRAD FLOYD agt. JOHN BLAKE.

An *attachment*, as a provisional remedy, may issue under the Code as well in an action of *tort* as in contract, whenever it is made to appear by affidavit that a cause of action exists against the person named as defendant, specifying the amount of the claim, the grounds thereof, and that the defendant is not a resident of the state, or has departed from the state to avoid the service of a summons, or keeps himself concealed therein with that intent.

*Saratoga Special Term, September*, 1860.

Floyd agt. Blake.

Motion to set aside a warrant of attachment issued in an action of tort.

Wesley Gleason, *for the motion.*
G. F. Batcheller, *opposed.*

James, Justice. It is conceded that this action is to recover damages for an assault and battery. It was commenced by the issuing and delivery of a summons for service, which the officer was unable to serve, and subsequently upon proof by affidavit, that the defendant had departed from the state to avoid the service of said summons, or kept himself concealed therein with like intent, a warrant of attachment was issued, by virtue of which certain property of the defendant was seized, and is held to answer such judgment as may be obtained against him.

The Revised Statutes only authorized attachments against "absconding, concealed and non-resident *debtors,*" and the seizure of their real and personal property for the payment of *debts.*

The warrant of attachment given by the Code is not limited to debtors, nor to proceedings for the recovery of debts. It is general in its provisions, and to be in harmony with the general scope and purpose of the Code, must be held as extending to all actions for the recovery of money.

Under the Code the warrant of attachment is a provisional remedy, which the codifiers in their report declared to be " a remedy applied before judgment, with a view of rendering it effectual, whatever it might be, and to be applied at any time during the progress of the suit, and not alone at the commencement, as required by the Revised Statutes." And it was held in *Houghton* agt. *Ault* (16 *How. Pr. R.,* 79), that "an attachment under the Code was not a process for the commencement of an action; but an order for the arrest of the defendant's property, in the nature of

bail, to secure the payment of such judgment as might be obtained against him."

In respect to the actions wherein an attachment may issue, the Code exhibits a wide departure from the provisions of the Revised Statutes. By the latter the attachment is given only against *debtors*, while the Code gives it in all actions for the recovery of money.

By the Code all forms of action are abolished; remedies in the courts are divided into actions and special proceedings, and an action is declared to be an ordinary proceeding in a court of justice. It then declares that "in an action for the recovery of money against a corporation created by or under the laws of any other state, government or country, or against a defendant who is not a resident of this state, *or against a defendant who has absconded or concealed himself*, or whenever any person or corporation is about to remove any of his or its property from this state, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete any of his or its property, with intent to defraud creditors, as hereinafter mentioned, the plaintiff at the time of issuing the summons, or at any time afterwards, may have the property of such defendant or corporation attached, in the manner hereinafter prescribed, as security for the satisfaction of such judgment as the plaintiff may recover" (§ 227); and "The warrant may be issued whenever it shall appear by affidavit *that a cause of action exists* against such defendant, *specifying the amount of the claim and the grounds thereof*, and that the defendant is either a foreign corporation, or not a resident of this state, or has departed therefrom with intent to defraud his creditors, or *to avoid the service of a summons, or keeps himself concealed therein with like intent*, or," &c. (§ 229.) It will thus be seen that this warrant is, by express terms, given *in all actions for the recovery of money*, and is nowhere limited to actions against debtors, or to such as arise on contract. These provisions can be applied

as well in actions of tort as in actions of contract, and with as much propriety and justice.    An action of assault and battery is as much an action for the recovery of money as an action for the breach of a contract, and the amount claimed and the grounds thereof can as well be stated in the former case, and with as much certainty as can the claim for unliquidated damages in the latter; and if in an action of slander, or assault and battery, the defendant be a non-resident of the state, or if a resident, and has · departed therefrom with the intent to avoid the service of a summons, or keeps himself concealed therein with that intent, a case is brought within the very letter and spirit of the Code, which authorizes a warrant of attachment.

The poet has said :

> "He who steals my purse, steals trash; 'tis something, nothing.
> 'Twas mine, 'tis his, and has been slave to thousands;
> But he that filches from me my good name,
> Robs me of that, which not enriches him,
> And makes me poor indeed."

If a good name is so much more to be desired than riches, why should not the law afford the same facilities for enforcing a judgment for an assault upon character that it does for an assault upon the purse ?

It was urged that in the one case the defendant might be arrested and held to bail, while he could not in the other. It is true that in the one case the order of arrest may go forth, but it is not always effectual. · If the defendant be a non-resident, or absent from the state, or keeps himself ·concealed within it, the order would be of no avail.    In such case a defendant with large property within the state might set a plaintiff at defiance, and through the instrumentality of agents, remove or dispose of his property at his convenience, at any time before judgment.

I am therefore of the opinion that an attachment, as a provisional remedy, may issue as well in actions of tort as in contract, whenever it is made to appear by affidavit that

Floyd agt. Blake.

a ·cause· of action exists against the person named as defendant, · specifying the amount of the *claim*, the grounds thereof, and that the defendant *is not a resident of the state, or has departed from the state to avoid the service of a summons, or keeps himself concealed therein with that intent.* Motion denied, with $10 costs.

NOTE.—This question seems to involve the construction of one or two other sections of the Code, with §§ 227 and 229: That is, what is the true meaning of the words, "In an action for the recovery of money," mentioned in § 227 ? and in § 229, where it says "that a cause of action exists," evidently meaning a cause of action for the recovery of money, as stated in § 227, because they must be construed together. In § 129 of the Code, requiring a notice to be inserted in the summons, it says in the first subdivision: "In an action arising on contract for the recovery of money only," &c.; and in the third subdivision of § 142, in reference to a demand of relief in the complaint, it says: "If the recovery of money be demanded, the amount thereof shall be stated," meaning the amount of money, not of *damages.*

In regard to the construction put upon these words in § 129, as above stated, it was held in a very well considered opinion, in the case of *Tuttle* agt. *Smith* (14 *How.*, 395), and which has been frequently cited with approval, and concurred in, that the phrase "for the recovery of money only," must be construed to mean the recovery of a.*definite sum of money·as such;* that whenever the action requires the determination of amounts unliquidated in their nature, requiring other proof, and depending upon other considerations than such as appear in the *contract itself,* then the action is not for the recovery of money only, as money due and payable by the contract on which the action arises. It is rather an action to establish and ascertain the plaintiff's right to *damages,* which are to be paid and satisfied in money.

If this construction is applicable to §§ 227, 229, in reference to the issuing of attachments, it will undoubtedly be considered a narrow and illiberal construction, and in many instances may defeat substantial justice; and, besides, it is right in the teeth of the decision of *Ward* agt. *Begg* (18 *Barb.*, 139), where the general term in New York sustained an attachment issued in an action for the specific performance of a consignment of goods as security to the plaintiff for a guaranty made for the defendant; evidently resting their decision on the wording of § 229, without any reference to or connection with § 227. But with the harmonious and beautiful provisions and proportions of the Code the profession are familiar. The principal object in their application seems to be to get at "what is intended."—REP.