## SHAFFER *a.* MASON.

*Supreme Court, First District; Special Term, December,* 1864.

### ATTACHMENT.

The Code of Procedure does not authorize the issue of an attachment as a provisional remedy, in actions for wrongs.

Motion to set aside an attachment.

The plaintiff in this cause brought his action to recover damages for an alleged conversion of his personal property situated in Accomac county, Virginia, by the defendants, who, it was claimed, had in Virginia, under color of process, levied on it and sold it as the property of one Nash.

At the time of commencing this suit, the plaintiff procured an attachment to be issued against the property of the defendant as a non-resident, under sections 227 and 229 of the Code of Procedure.

A motion was now made on the part of the defendant to set aside the attachment.

*D. McMahon,* for the motion. Apart from the question whether this court will entertain jurisdiction of this cause of action, we urge that they had no right to grant the present attachment, for:

(*a.*) The Code (§ 227) allows an attachment to be issued. "in an action for the recovery of money;" section 229 allows the warrant to issue only "whenever it appears by affidavit that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof."

The phrases, "a cause of action," "such defendant," "the amount of the claim," "the grounds thereof," as used in section 229, have reference solely to the description of action, and the description of defendant specified in section 227.

"An action for the recovery of money" is not an action of tort.

Shaffer *a.* Mason.

An action of tort is one brought to recover damages. The damages are in their nature uncertain, unliquidated, may, in some cases be punitory and vindictive, in others merely compensatory, so that though a party who brings an action of tort may be said to seek a recovery of money, yet his action is not the class of actions contemplated by sections 227 and 229. Otherwise in a frivolous action for defamation of character, or for a trivial assault a plaintiff might be set forth in his complaint an excessive amount of damages—swear to it—make an affidavit to that effect, and on such an affidavit get a most oppressive attachment against a non-resident's property. No plaintiff who brings an action of tort to recover damages in their nature uncertain, can specify by affidavits " the amount of his claim and the grounds thereof."

If he does so swear, his oath amounts only to the expression of his opinion or belief of the amount of his claim to relief, which, by the case of Ackroyd *a.* Ackroyd (11 *Abbotts' Pr.* 345), is not enough.

Is his affidavit, wherein he may specify an excessive or unreasonable value, the affidavit required by section 229, " and specifying the amount of the claim and the grounds thereof."

The case of Ackroyd *a.* Ackroyd (11 *Abbotts' Pr.*, 345) is at variance with this entirely. If the action is for an accounting, and the complaint shows that the plaintiff is unable to state the amount due him, his affidavit that there is a certain sum due him, is not enough to authorize an attachment. If the plaintiff shows that he does not and cannot know whether any thing is due him, his statement of his opinion as to the amount is not enough. (Tuttle *a.* Smith, 6 *Abbotts' Pr.*, 329.)

A careful contemplation of the expressions used in sections 227 and 229 of the Code, such as " who has absconded," &c., &c., &c., " with intent to defraud creditors," or " is about to assign, dispose, or secrete any of his property with a like intent," as well as of the concluding phrase of section 227, viz., " may have the property of such defendant or corporation attached in the manner hereinafter prescribed, as a security for the satisfaction of such judgment as the plaintiff may recover," and, also, the phrase used in section 231, " as may be sufficient to satisfy the plaintiff's demand," are all of them expressions

used in other parts of the Code in connection with rights of action or proceedings in actions on contract. See section 179 as to arrest, also 219 as to injunction. It would be inaugurating a new remedy for a plaintiff in an action of tort, to give him the privilege of issuing an attachment against the property of his defendant, because of that defendant being about to dispose, &c., or of his having disposed of his property with intent to defraud his creditors. It would be turning a plaintiff in a tortious action into a "creditor" from the mere fact of bringing an action of tort. (Gordon a. Gaffey, 11 *Abbotts' Pr.*, 1.)

There is an additional reason why this court cannot issue an attachment in an action of tort against a non-resident. No mode of commencing an action of tort by service of summons by publication on a non-resident defendant is pointed out in the Code.

The attachment is to be issued in " an action." This implies " an action previously or simultaneously commenced" with the issuing of the attachment. The commencing an action is by the service of a summons on the defendant, either personally or by publication. Section 135 of the Code, which provides as to service of summons by publication, seems not to include in it " an action of *trespass de bonis*," relative to personal property not within this statute. See subd. 4, of said section 135.

An action for the recovery of the money should not have, as in this case, a summons for relief. (Hernstien a. Matthewson, 5 *How. Pr.*, 196.) And an attachment in an action of tort was set aside. Justice Edmonds in that case considers that an attachment may issue in an action of tort; yet such concession, it is evident from his opinion, is made because either of the questions was not argued, or because of the apparently imperfect examination of it given by him as is apparent from his opinion.

In Floyd a. Blake (11 *Abbotts' Pr.*, 349), Justice James sustained an attachment issued in a case of assault and battery. A careful perusal of that learned judge's opinion will satisfy the court that his adjudication is based, not so much on any comparison of the phrases of sections 227 and 220, with other parts of the Code, as upon a hackneyed quotation from the immortal bard of Avon.

*E. Brown & Levi S. Chatfield*, opposed.—I. Can an action be maintained in this State for a trespass committed in another State? Of this there can be no doubt. (People *a.* Gasherie, 9 *Johns.*, 71; 3 *Caine*, 266; Gardner *a.* Thomas, 14 *Johns.*, 134.)

If it can be, then the remedy by attachment is allowed by the Code. Section 229 of the Code is as general in its terms as it can well be made, and a construction which should confine its operation to mere money demands would do violence to its language. "The warrant may be issued whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof." A cause of action exists whenever one person has taken the property of another without right. The claim is the value of the property, and the grounds of the claim are that it has been thus taken; no language could be broader or more comprehensive, and it is respectfully submitted that the Legislature intended by the amendment of that, to provide for cases not falling within the Revised Statutes, or the section as it was originally adopted. Section 227 has no connection with section 229. If it was intended to secure precisely the same remedy by the two sections, then it was superfluous to adopt section 229, for 227 had amply provided for money or contract-demands. The adoption of section 229 shows that the Legislature intended something more than it had already provided for by section 227, and that "something more" was the extending of the remedy beyond mere contract demands.

The title of the sections is significant. The first is "property of foreign corporations and of non-residents, and concealed debtors may be attached." The title of section 229 is "in what cases warrant may be issued." If no warrant could be issued except in the cases provided for by section 227, then the cases in which it might issue had already been specified, and the title and the whole of section 229 was supererogation. Section 227 intended to superadd this remedy when an action had actually been commenced for a money-demand, which section 229 provides for the commencement of an action in this mode whenever a cause of action exists against the persons described in it.

The vice of the reasoning in Gordon *a.* Gaffey, is in the confounding of these two sections, and in supposing that they both

referred to the same class or causes of action. It is clear from the language that they do not. Section 227 specifies "an action for the recovery of the money," while section 229 allows remedy in any case where "a cause of action exists," a distinction as broad as language can make it. Section 231 is equally applicable to both sections. The sheriff shall keep the property to satisfy the plaintiff's demand, and this must be stated in the complaint. A. may have a demand against B. for property sold, and the term "demand," used as it is in its general sense, is descriptive of both.

In Hernstein *a.* Matthewson (5 *How. Pr.*, 196), the court took a view more consistent with the language and spirit of the Code, and held that an attachment might issue in cases of tort as well as of contract.

In cases of non-residence, the Code presupposes an inability to obtain personal service, as also in those of absconding and concealed debtors. The attachment issues because the person of the defendant is beyond the jurisdiction of the court, and the usual remedies as against residents cannot be applied; and I know of no rule which requires a resident plaintiff to seek the residence of a non-resident defendant to obtain his just rights, when he can find the property of the defendant within his own jurisdiction.

II. The rule requiring the filing of the papers within 10 days is directory merely, and not jurisdictional. The court when it has obtained complete jurisdiction of the cause and person, is competent to make any order as to the mere practice in the case, and to direct any papers to be filed *nunc pro tunc.*

CLERKE, J.—After a careful investigation of this case I concur with the principle decided by Mr. Justice Hogeboom, in Gordon *a.* Gaffey (11 *Abbotts' Pr.*, 1), viz., that the Code does not authorize an attachment as a provisional remedy in actions of tort.*

Motion granted, with costs.

---

* In KNOX *a.* MASON, an analogous case to the preceding, in the *New York Superior Court*, Mr. Justice Garvin, on motion of *Mr. McMahon*, for the defendant; *Mr. Chatfield*, opposed, set aside, on the same grounds, an attachment issued under sections 227 and 229 of the Code.

The same principle was also applied in WALLACE *a*. HITCHCOCK (*Supreme Court, First District; Chambers, July*, 1862), where it was *held*, that an attachment was not allowable where the plaintiff sought equitable relief, such as an accounting or the foreclosure of a mortgage, as a means of reaching a recovery of money.

The opinion rendered was as follows:

BARNARD, J.—I am satisfied that the words "in an action for the recovery of the money," do not include an action in which it is necessary that some judgment or relief, other than one for the payment of money merely, be had before the plaintiff can recover any money,—*e. g.*, an action for the foreclosure of a mortgage. The case of Ward *a*. Begg (18 *Barb.*, 139) is not a decision contrary to this view. The case did not call for any decision on this point. (See Gordon *a*. Gaffey, 11 *Abbotts' Pr.*, 1.)

Upon well-settled principles, the plaintiff in this action, before he can obtain a judgment for any money to be paid him, must have a judgment for an accounting, and have an accounting thereunder. An attachment is consequently unauthorized.

As regards the provision in the order of November 5, 1853, allowing amendments to the complaint, which directs "that said amendments be without prejudice to the attachment issued, and to the levy made under such attachment, and without prejudice to the proceedings herein," it must be taken to have been inserted simply to guard against the effect which the mere fact of any amendment whatever (without reference to any change it may effect in the cause of action) might have.

The question as to whether an attachment can be issued in a cause of action, as presented by the amended pleading, was not before the court, and consequently the insertion of that clause cannot be deemed either a decision or expression of opinion (there being no written opinion) on that point.

The original complaint neither alleges any balance struck, nor any promise to pay a balance struck.

I am inclined to think that, under the principle of Pattison *a*. Blanchard (6 *Barb.*, 539), and cases there cited, no cause of action was shown by the original complaint, other than an equitable one for an accounting, and for payment of such sum as should be found due on the accounting.

The motion must be granted, with $10 costs.

The case of Guilhon *a*. Lindo (No. 1) in the 9th of *Bosworth's Reports*, is to the same effect.