## SUPREME COURT.

GEORGE W. SHAFFER, appellant agt. STEPHEN E. MASON, respondent.

An *attachment* under the Code, cannot be issued in an action of *trespass de bonis*, nor in any action of *tort* independent of contract. (*This agrees with Gordon agt. Gaffey,* 11 *Abb.* 1, *and is adverse to Hernstein* agt. *Mathewson,* 5 *How. Pr. R.* 196; *Floyd* agt. *Blake,* 19 *Id.* 542, *and Ward* agt. *Begg,* 18 *Barb.* 139.)

*New York General Term, February,* 1865.

*Before* INGRAHAM, *P. J.,* SUTHERLAND *and* CLERKE, *Justices.*

THIS is an appeal from an order of Mr. Justice CLERKE, granting an order setting aside an attachment in this cause against the property of Mason, as a non-resident. The motion below was to vacate the attachment on two grounds, viz: 1st. Irregularity. The plaintiffs having failed to cause the affidavits on which the attachment was granted to be filed in the county clerk's office of New York. 2d.

The action is one in which by the Code an attachment cannot be granted.

The attachment was granted August 5th, 1864. The defendant is a non-resident of this state. The attachment was granted on that ground. By the complaint it will appear that the action is brought to recover the value of two engines, &c., wrongfully seized, took and carried away, and converted, in the state of Maryland, on 29th July, 1864. From the plaintiff's, and also the defedant's papers on this motion, it sufficiently appears that the seizing, taking away, and conversion of the plaintiff's property complained of, was the defendant's entertaining judicial proceedings by attachment in Maryland, by virtue of which the property in question was seized and sold. It is for such seizure and sale the present plaintiff now sues and claims damages. The goods in question were attached as the property of Nash. The present plaintiff now claims he owned them at that time.

L. S. CHATFIELD, *for. appellant.*

The question in this cause is, whether under the Code, an attachment can be issued against a non-resident for the taking and conversion of personal property in another state? Can an action be maintained in this state for trespass *de bonis* committed in another state? (3 *Caines,* 266; 3 *Burr.* 1364; 1 *Bay.* 273; 2 *Johns.* 282; 9 *Johns.* 71.)

If it can, then we say that the remedy by attachment is allowed by the Code. Section 229 of the Code is as general in its terms as it well can be made, and any construction which should confine its operations to mere money demands would do violence to its language. The warrant may be issued " whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof." A cause of action exists whenever one person has taken the

property of another without right.   The claim is the value of the property taken, and the grounds of the claim are, that it has been thus taken.   No language could be broader or more comprehensive, and it is respectfully submitted that the legislature intended, by using this language, to apply this remedy in every case when a specific claim could be made, whether it was for money, or personal, or transitory property.

Section 227 does not control 229.   If it was intended to secure precisely the same remedy by the two sections, then it was superfluous to adopt section 229, for 227 had amply provided for money or contract demands.   The adoption of section 229 shows that the legislature intended something more than it had already provided by section 227, and that "something more" was the extending of the remedy beyond mere money demands.   The title of the two sections is significant.   The first is: "property of foreign corporations and of non-resident and concealed debtors, may be attached."   And the title of section 229 is: "In what cases warrant may be issued."   If no warrant could be issued except in the cases provided for by section 227, then the cases in which it might issue had already been specified, and the title and the whole of section 229 was supererogation.   By section 227 it was intended to superadd this remedy when an action had actually been commenced for a money demand, while section 229 provides for the commencement of an action in this mode whenever a cause of action exists against the persons described in it.   It has been held that this remedy is available in actions for the recovery of damages for the conversion of personal property.

But Judge HOGEBOOM, in *Gordon* agt. *Gaffey* (11 *Abbott*, *p.* 1), has seemingly decided otherwise.   The case did not present the question presented here, that being an action of trespass to real estate, which is in itself local.   But the vice of Judge HOGEBOOM's reasoning is in the confounding

of the two sections, and in supposing that they both referred to the same class or causes of action. It seems to me clear that they do not. Section 227 specifies " an action for the recovery of the money," while section 229 allows the remedy in any case " where a cause of action exists," a distinction as broad as language can make it.

Section 231 is equally applicable to both sections. The sheriff shall keep the property " to satisfy the plaintiff's demand, and this must be stated in the complaint." A may have a demand against B for property taken, as well as for property sold, and the term demand, used as it is in its general sense, is descriptive of both. In *Hernstein* agt. *Mathewson* (5 *How. Pr. R.* 196), the court took a view more consistent with the language and spirit of the Code, and held that an attachment might issue in cases of tort as well as of contract. In cases of non-residence, the Code presupposes an inability to obtain personal service, as also in those of absconding and concealed debtors. The attachment issues because the person of the defendant is beyond the jurisdiction of the court, and the usual remedies against residents cannot be applied. There is no rule which requires a resident plaintiff to seek the residence of a non-resident defendant to obtain his just rights, when he can find the property of the defendant within his own jurisdiction.

In *Floyd* agt. *Blake* (19 *How. Pr. R.* 542; 11 *Abb.* 349), Mr. Justice JAMES, decided in a very clear and well considered opinion, that an attachment might be issued against a non-resident defendant in actions even of assault and battery. In *Ward* agt. *Begg* (18 *Barb.* 189), the court holds that under the Code as it now stands, the proceeding by attachment is not confined to actions on contract or money demands. Notwithstanding there are two cases which hold a contrary doctrine, the strength of the authorities is that attachments may issue whenever a cause of action is shown to exist.

It will be seen that in *Hernstein* agt. *Mathewson*, although an attachment might issue whenever there was a cause of action, Judge Edmonds held that it would be inoperative, because there were no means provided for bringing the party into court, and in consequence of this decision section 135 of the Code was amended so as to allow the party to be brought in by publication. This amendment was made in 1858, and with a full view to the construction which had held that attachments might issue in cases of tort, as will be seen by the petition or letter of Dwight H. Olmstead, Esq., on whose application the amendment was made. We have, therefore, both a judicial and a legislative construction in favor of this remedy.

If the defendant had appeared in *Hernstein* agt. *Mathewson*, the attachment would have been sustained. Here the defendant has appeared, put in bail and answered, and is now too late to make this motion. The motion should have been made (if at all), while the property was held by the sheriff, when errors in practice could have been corrected; and the stipulation does not obviate this objection, certainly not as to the answer.

D. McMahon, *for respondent.*

*First.* The attachment was properly set aside, because the papers were not filed in proper time, viz : ten days, or at all. Section 229 of the Code provides at its close that it shall be the duty of the plaintiff procuring such warrant, within ten days after the issuing thereof, to cause the affidavits on which the same was granted to be filed in the office of the clerk of the county in which the action is to be tried. The terms of this section are so peremptory, being an amendment of 1860, that there is no doubt the legislature had some reason not apparent to us, why they so positively required these affidavits to be filed. It is true that the omission to file the affidavits is not jurisdic-

tional, yet the filing is so positively enjoined that the omission to do so is a positive irregularity, and vitiates the proceedings as much as the omission to file an undertaking, or to have it approved. (*See O'Donnell* agt. *McMurn*, 3 *Abb.* 391; *Leffingwell* agt. *Chave*, 5 *Bosw.* 704; *Newell* agt. *Doran*, 21 *How.* 427.)

*Second.* The court was right in setting aside the attachment, because the Code does not contemplate the allowance of an attachment in a case like the present, viz : In an action of *trespass de bonis* brought against a plaintiff in a judgment recovered and execution issued in another state for property levied on by that judgment and execution in such other state, for such a class of actions if brought against a public officer in that state is local.

1. By the Code an action against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command, or in his aid, shall do anything touching the duties of such officer, is local (§ 124). By section 125, actions to recover personal property distrained for any cause, are local. There is a good reason why courts of this state should not entertain jurisdiction of this case, viz : Of an action of trespass brought against a plaintiff in an attachment sued out of the courts of another state, on which attachment a levy is made on the property of another in such state ; the whole transaction taking place out of this state ; the property injured situate out of this state ; the injury which is forcible, accruing out of this state ; the process where the injury arises being the process and judicial proceeding of the courts of another state.

The case of *Molony* agt. *Dows* (8 *How. Pr. Rep. p.* 316), and Mr. O'Connor's points therein, seem conclusive against that jurisdiction. The case of *Way* agt. *The Keyport Steamboat Co.* (16 *Abb. Pr. Rep.*), is in analogy with this case. If such a jurisdiction is allowed, then the direct result will be that full faith and credit will not be given in one state

to the records and judgments of the courts of another state ; for to protect the present defendant, he must justify as he has done under the attachment proceedings of Virginia. There is no pretence, nor can there be any, that the present plaintiff could not have tried his right of property under the present defendant's attachment proceeding in Virginia. To allow him now to try his right of property in this action here, will be in effect allowing him to ignore and set aside by a collateral action the solemn judgment of Virginia. It also drags into another tribunal, in a distant state, that which should have been tried and adjudicated on the original attachment proceeding. Therein this case differs from those cited by the plaintiff's counsel in his brief. All of the cases referred to by him are cases of personal tort, which dies and travels round with the person. In this connection the court is referred to the case of *McIver* agt. *McCabe* (17 *Abb. Pr. Rep.*), which seems to conflict with the case of *Molony* agt. *Dows*.

*Third.* Apart from the question whether this court will entertain jurisdiction of this cause of action, we urge that they had no right to grant the present attachment. For

(*a*) The Code, section 227, allows an attachment to be issued " in an action for the recovery of the money." Section 229 allows the warrant to issue only "whenever it appears by affidavit that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof." The phrases, " a cause of action," " such defendant," " the amount of the claim," " the grounds thereof," as used in section 229, have reference solely to the description of action and the description of defendant specified in section 227. " An action for the recovery of the money," is not an action of tort. It undoubtedly is an action to recover the money mentioned in the summons, and means one on contract.

An action of tort is one brought to recover " damages." The damages are in their nature uncertain, unliquidated ;

may in some cases be "punitory and vindictive," in others merely compensatory; so that though a party who brings an action of tort may be said to seek a "recovery of money;" yet his action is not the class of actions contemplated by sections 227 and 229; otherwise in a frivolous action for defamation of character, or for a trivial assault, a plaintiff might set forth in his complaint an excessive amount of damages, swear to it, make an affidavit to that effect, and on such an affidavit get a most oppressive attachment against a non-resident's property. In the case last referred to, how could a party under section 229, specify "the amount of his claim and the grounds thereof?" No plaintiff who brings an action of tort to recover damages, in their nature uncertain, unliquidated, speculative, punitory, and "may be excessive," can specify by affidavit "the amount of his claim and the grounds thereof." If he does so swear, his oath only amounts to the expression of his opinion or belief of the amount of his claim to relief, which by the case of *Ackroyd* agt. *Ackroyd* (11 *Abb. Pr. R. p.* 346), is not enough. The court there say: "That an arbitrary statement or opinion that there is a specific sum due, does not suffice. The facts must be stated which will show that a cause of action exists against the defendant, and the amount of the claim must be specified, and the grounds thereof" (*Code*, § 229).

Suppose in an action of *trespass de bonis*, a plaintiff, as in this case, ventures to swear to the amount of the value of the property destroyed or converted, is his affidavit, wherein he may specify an excessive or unreasonable value, the affidavit required by section 229, and specifying "the amount of the claim and the grounds thereof?" The case of *Ackroyd* agt. *Ackroyd* (11 *Abb. Pr. R. p.* 345), seems to be at variance with this entirely, for therein it is distinctly held that "under section 229 of the Code, which requires as a foundation for a warrant of attachment that it shall appear by affidavit that a cause of action exists against

the defendant, specifying the amount of the claim and the grounds thereof. If the action is for an accounting, and the complaint shows that the plaintiff is unable to state the amount due him, his affidavit that there is a certain sum due him is not enough to authorize an attachment. If the plaintiff shows that he does not and cannot know whether anything is due him, his statement of his opinion as to the amount is not enough. On this phrase, "for the recovery of money," I refer you to *Tuttle* agt. *Smith* (14 *How. Pr. R.* 365, *and* 6 *Abb. R. p.* 329).

Again, a careful contemplation of the expressions used in sections 227 and 229 of the Code, such as "who has absconded, &c., &c., &c., with intent to defraud creditors," or "is about to assign, dispose, or secrete any of his property with a like intent." Then, again, the concluding phrase of section 227, viz: "May have the property of such defendant or corporation attached in the manner hereinafter prescribed, as a security for the satisfaction of such judgment as the plaintiff may recover." The phrase used in section 231, "as may be sufficient to satisfy the plaintiff's demand," are all of them expressions used in other parts of the Code in connection with rights of action, or proceedings in action on contract. (*See* § 179 *as to arrest;* *also* 219 *as to injunction.*) It would be inaugurating a new remedy for a plaintiff in an action of tort, to give him the privilege of issuing an attachment against the property of the defendant, because of that defendant being about to dispose, &c., or of his having disposed of his property with intent to defraud his creditors. It would be turning a plaintiff in a tortious action into a "creditor," from the mere fact of bringing a tortious action. This point, however, is decided in favor of our case by Justice Hogeboom, in *Gordon* agt. *Gaffey* (11 *Abb. P. R.* 1), also by Justice Clerke, below. In that case the justice very properly treats the Code as giving this remedy only to plaintiffs in actions on contract, when a specific sum is due and claimed.

If this case is the law, the attachment in this case must be set aside.

There is an additional reason why this court cannot issue an attachment in an action of tort like the present, as against a non-resident, as this is. No mode of commencing an action of tort by service of summons by publication on a non-resident defendant, is pointed out in the Code. The attachment is to be issued in " an action," This implies " an action previously or simultaneously commenced " with the issuing of the attachment. The commencing an action is by the .service of a summons on the defendant either personally or by publication. Section 135 of the Code, which provides as to the service of summons by publication, seems not to include in it " an action of *trespass de bonis*," relative to personal property not within this state. (*See subdivision 4 of said* § 135.) " An action for the recovery of money," should not have in this case " a summons for relief," such is the reasoning of the case of *Hern stein* agt. *Mathewson* (5 *How. Pr. R. p.* 196), cited in the plaintiff's points, and an attachment in an action of tort was there set aside.. Justice EDMONDS in that case considers that an attachment may issue in an action of tort. Yet such concession, it is evident from his opinion, is made because either the question was not argued, or because of the apparent imperfect examination of it given by him, as apparent from his opinion.

It is due to the court, also, to refer them to the special term case of *Floyd* agt. *Blake* (19 *How. Pr. R.* 542, *and* 11 *Abb. R. p.* 349), wherein Justice JAMES sustained an attachment issued in a case of assault and battery. A careful perusal of that learned judge's opinion will satisfy the court that his adjudication is based not so much on any comparison of the phrases of sections 227 and 229 with other parts of the Code, as upon a hacknied quotation from the immortal bard of Avon.

*Fourth.* In answer to the last objection made by the

counsel, I refer the court to the order of August 15, 1864, contained in the moving papers, which expressly provides that the deposit of money in court in lieu of the undertaking is stipulated, not to prejudice the rights of the defendant to move to set aside the attachment. Section 240 gives the defendant the right to move when he has appeared, which was done in this case. But even if we had given an undertaking under section 241, we are not precluded from afterwards moving to set aside the attachment. (*See Garbutt* agt. *Hanff*, 15 *Abb. p.* 189.) We submit that the order should be affirmed, with costs.

By the court, SUTHERLAND, J. This is an action for trespass for taking and carrying away certain articles of personal property. An attachment was issued under the Code, on affidavit alleging the trespass, and that the property was of the value of $700, and that the defendant was a non-resident. The attachment directed property to be attached sufficient to satisfy the plaintiff's demand of $700. On motion of the defendant, the attachment was vacated at special term, on the ground that the Code does not authorize an attachment as a provisional remedy in an action of tort. I think the order at special term vacating the attachment was clearly right. The words of section 227 of the Code are certainly very broad. That section allows the property of the defendant to be attached in the manner thereinafter prescribed in an action for the recovery of the money against a defendant who is not a resident of this state. Prior to 1857, this section read : "In an action for the recovery of money." The section was amended in 1857, by inserting the article "the" between "of" and "money," and by inserting other words in another part of the section, allowing an attachment to issue on the ground that the defendant was about to remove, secrete or dispose of his property with intent to defraud his creditors. Both amendments may be

considered as. a legislative construction of the section to the effect that the attachment was allowed only where the action was for a money demand on contract. If any significance or effect is to be given to the amendment by inserting the definite article "the," the insertion of that word was intended to limit or define the general significations of the word "money," so that the words "the money," must now mean the money demanded in the summons in the action (*see* § 29, *sub.* 1).

The other amendment in 1857, also goes to show that the attachment was to issue' only in cases where it was claimed by the plaintiff that the defendant was indebted to him. But independent of these considerations, I am satisfied, upon looking at the whole of section 227 and other sections, particularly sections 229 and 231, that it was not the intention that the attachment should issue in an action for a trespass, when the claim is for damages to be assessed by a jury. By section 229, " the warrant may be issued whenever it shall appear by affidavit that a cause of action exists against such defendant, specifying the amount of the claim, and the grounds thereof," &c. These words plainly imply that the attachment is to issue only when the plaintiff can conscientiously specify and swear to the amount of his claim. How can a plaintiff do that in an action for an assault and battery, or libel, or *trespass de bonis*,· when the very object of the action is to have the damages (the amount he is entitled to recover) assessed and determined for him? Can it be supposed that the legislature intended, in such a case, that the plaintiff might preliminarily assess his own damages at any figure he chooses, and having thus specified it, swear to it as a claim which he has against the defendant for so much money? I think not. I think the Code of Procedure never contemplated such an extraordinary proceeding. By section 231, the sheriff is to attach sufficient of the property of the defendant to satisfy the plaintiff's demand, according to the complaint, together with

Shaffer agt. Mason.

costs and expenses. Without referring to other sections of the Code, I will say that I concur generally in the views expressed by Justice Hogeboom, in *Gordon* agt. *Gaffey* (11 *Abb. Pr. R.* 1), and that I think his decision in that case was right.

Mr. Justice James, in *Floyd* agt. *Blake* (19 *How. Pr. Rep.* 545), cites the beautiful poetical extravaganza of Shakspeare, "He who steals my purse steals trash," &c., to show that a "good name," being so much more valuable than riches, it was reasonable that the law should afford the same facilities for enforcing a judgment for an assault upon character that it does for an assault upon the purse. Now, as my reverence for Shakspeare is too great to permit me to deny that he may be cited even on a question of the construction of the Code, I will say that Shakspeare contrasts so forcibly and beautifully the stealing of a purse with the filching of a good name, and that the question is whether the legislature intended a plaintiff in an action for a libel or slander, to determine preliminarily that his name was good, and that he might set his own value upon it, and fix and swear to any amount in dollars that he chooses, as the damages for filching it, and thus have sufficient of the property of the defendant attached at the commencement of the action to secure the payment of that amount. It is strange that the very ground upon which Judge Edmonds discharged the attachment in *Hernstein* agt. *Mathewson* (5 *How. Pr. R.* 196), did not lead him to doubt the correctness of his construction of section 227 of the Code.

I think the order appealed from should be affirmed, with costs.