Robertson, Ch. J.
The authority to plaintiffs to procure the attachment of the property of defendants is contained in the first three sections of the fourth chapter of that title of the Code which relates to provisional remedies, (227, 228 and 229.) They define the action in which, and the classes of defendants of whom, the property may be attached, and prescribe the officers by whom, and the evidence on which, process to attach must be issued. The first and third of those sections limit the classes of defendants whose property may be attached, to foreign corporations, non-residents, persons absconding or concealing themselves to defraud their creditors or avoid service of process, or removing or disposing, or intending to remove or dispose ofj their property, with the former intent. There is nothing in them to show_ they were applicable to different classes of cases. They may therefore be read consecutively, as together forming one provision, divided into separately numbered sections relating to different branches of the same subject, for mere facility of reference. The arrangement is perfectly natural, of first defining the predicament of the defendants whose property may be attached, and the class of actions in which it may be attached, and next prescribing who was to issue the process to seize it, and the evidence on which it was to be issued. The only argument offered to establish that in actions of tort the property of the defendants may be attached, founded upon a supposed enlargement, by section 229, of the cases in which it may be done under section 237, appears, therefore, to me rather strained and fanciful.
That supposition is based entirely on the fallacy of assuming the word “ whenever,” in section 229, to mean not, according to its original import, on all occasions or times when, but “ in all cases in which.” In fact it has no more effect than the adverb “ when.” It refers, simply, to the times or occasions of the exhibition, to the proper officer, of evidence of a certain fact by affidavits, to wit: a cause of action, meaning of course, under the preceding section 227, whose office was to prescribe the actions in which, and the defendants against whose property, such process might issue. That whole subse *690 quent section (229) was necessary to provide, and was the only one which did provide, for the mode of obtaining such process in all cases ; such preceding section having wholly omitted to do so. The first might have been rendered superfluous if the description of the actions in which property might be attached as being those for the recovery of money had been embodied in the last; but the provisions of the latter were indispensable to obtain process in any case.
In order to account for an enactment giving a right of attachment in actions for torts separately, from that giving one in actions on contracts, it is assumed that the first presupposes an action to have been commenced before the application for the warrant. Ho good reason is assigned for creating such a distinction, and it certainly is not expressed in language, in those sections. The classes of defendants whose property may be attached, are those least likely to have a summons personally served on them, being foreign corporations, and non-resident, absconding or concealed persons. It is true, service could be made in such cases by publication, but a warrant of attachment would be of little avail in such case, as it could only be enforced after the last day of publication which completed such service, (§ 137 ;) and the very ground of a right of attachment is, that such classes of defendants, when sued in this state, are likely to remove their property out of its jurisdiction or conceal it. The Code certainly takes for granted that an attachment can be issued in actions on contracts before the service of a summons. (§ 132.)
It is also a question on which there is some conflict, between what persons and for what torts committed out of this state, actions can be brought, within it. (Malony v. Dows, 8 Abb. Pr. 316. McIvor v. McCabe, 16 id. 319.) Even in actions on contracts, it is held that no attachment can be issued unless the preliminary affidavit details the precise items of claim. (Ackroyd v. Ackroyd, 11 Abb. Pr. 346.) Yet the plaintiff in an action of tort must be at liberty to fix his own damages ; and the court has no discretion in determining the amount. If the attachment is discharged on giving an under *691 taking, it must be for double the amount “ claimed by the plaintiff’s complaint.” (Code, § 241.) Such a provision would1 be equivalent to one allowing a plaintiff to seize as much of the property of a foreign corporation or non-resident debtor as he thought proper, in an action for a tort.
The decision directly upon the point, and the reasoning in the case of Gordon v. Gaffey, (11 Abb. Pr. 1,) is more satisfactory than the incidental remarks in Heustein v. Mathewson, (5 How. Pr. 196,) or the hasty disposition of it in Floyd v. Blake, (11 Abb. Pr. 349.)
Without reference to other points discussed, I think the one just disposed of, sufficient to base thereon an affirmance of the order. Such order must therefore -be affirmed, with costs.