# SUPREME COURT.

WILLIAM J. LAWTON and others agt. WILLIAM S. REIL and others.

The Code only requires, in order for the issuing of an *attachment* against non-resident debtors, that the action should be for the recovery of money, that the same should be on contract, that the plaintiff should specify the amount of the claim and the grounds of the demand.

The cases which have been decided, as to the *form of the summons*, should not be considered as controlling in regard to the issuing of attachment.

It is not necessary that the *affidavit* upon which a warrant of attachment is issued should show the *issuing of the summons*; it is enough if the summons was issued when the attachment is obtained.

The attachment is not void for omitting to state " that it was issued in an action then pending."

*New York General Term, February,* 1868.

*Present,* BARNARD, INGRAHAM *and* SUTHERLAND, *Justices.*

THE defendants appeal·from an order denying motion to vacate attachment.

H. C. VAN VORST, *for appellants.*

WILLIAM BLOOMFIELD, *for respondents.*

INGRAHAM, J. The attachment was issued against the defendants as non-resident debtors. The claim of the plaintiffs was for damages arising upon the breach of a contract on part of defendants to purchase for the plaintiffs sound corn; and the breach complained of .was that the corn was not sound, but heated and spoiled.

The damages claimed was the difference between the cost price and the price at which the plaintiffs sold the same.

The first ground relied upon is that the damages are unliquidated, and that in such a case the Code does not provide for an attachment. The only requisites in the Code are that the action should be for the recovery of money, that the same should be on contract, that the plaintiff should specify the amount of the claim and the grounds of the demand, and

that the defendant should be a non-resident · debtor.　All these facts are contained in the affidavit.　The claim arises · on contract, and the amount claimed is a fixed amount, being the difference between the amount paid and the amount at which it was sold.　It is not necessary here to decide whether, if the damages were really unliquidated and not ascertained in any way, an attachment could issue.　Here everything requisite is stated, and the damages also are ascertained, if the plaintiffs are entitled to recover at all.　There is a fixed sum ascertained by the sales, and that sum is claimed by the plaintiffs.　The case of ·Ward agt. Begg (18 Barb. 139) is a general term decision in this district, and has not, that I know of, been reversed.

I do not think the cases which have been decided, as to the form of the snmmons, should be considered as controlling in regard to the issuing of attachments.　If so, non-resident debtors cannot be proceeded against here for the violation of contracts, even although they may have large amounts of property within the jurisdiction of the court.

The affidavit is not on information and belief; it states facts, most, if not all, of which are stated as within the knowledge of the party making it.

That portion which states the defendants have property in the state, on information and belief, is not necessary to the issuing of an attachment, and might have been omitted.

It is not necessary that the affidavit should show the issuing of the summons; it is sufficient if the summons was issued when the attachment is obtained.　This is evidenced by the summons which accompanies the attachment; and if both are delivered together to the sheriff, it is sufficient.　The issuing of the summons applies rather to the time of having the property attached than to the application of the judge. The warrant states the existence of the cause of action, but does not state that it is an action then pending.　I do not know why the warrant was altered as it appears to have been, but still enough remains to comply with the requisites

of the statute. If the facts are sufficient, the warrant is not void for omitting to state one of them.

The only objection of force is that the affidavit was sworn to before a commissioner in Kentucky, but no certificate of the secretary of state has been obtained, as required by the statute. That act (*Sept.* 1850, *ch.* 270, *4th ed.*) requires that, before any such affidavit shall be entitled to be used, the certificate shall be annexed. Here it has been used by the judge, and although the objection might have been then made, still I do not think it fatal. The omission may be amended and supplied.

Unless the plaintiffs cause the certificate to be annexed to the original affidavit within ten days after notice of this decision, the order will be reversed. If so annexed, the order is affirmed, without costs.

The plaintiffs may take the original affidavit from the files for this purpose, and must retitle the same, duly certified, within that time.

BARNARD, J., concurs.

SUTHERLAND, J., dissents.