FOLEY, Appellant, v. BALLWEG et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by M. Charles Foley against Susanna Ballweg and Lina Miller. No opinion. Judgment affirmed by default, with costs.

FOLSOM, Appellant, v. WINTERS, Respondent. (City Court of New York, General Term. May, 1901.) Action by John G. Folsom against Elizabeth Winters. John M. Ward, for appellant.

HASCALL, J. We think that no error was committed by the court below that calls for a reversal of the judgment appealed from. The papers excluded did not tend to prove agency, and none was established. Most of plaintiff's objections and exceptions are entirely without grounds assigned therefor, and cannot be considered by us upon appeal, while the others cannot avail as against the inherent weakness of appellant's case. Judgment appealed from should be affirmed, with costs. Judgment affirmed, with costs.

CONLAN and O'DWYER, JJ., concur.

FRANKEL et al., Respondents, v. BROWN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Jacob Frankel and others against Louis Brown. Myers, Goldsmith & Bronner (Leonard Bronner, of counsel), for appellant. Henry Kuntz, for respondents.

HASCALL, J. While we in the main agree entirely with the appellant's contention regarding the law, yet we do not find that the facts quite meet the requirements necessary to bring the authorities cited effectually to bear upon the question of this appeal, which is whether or not the papers were insufficient because facts were not shown which made a specific sum due to the plaintiffs, over and above all counterclaims. We find the case at bar even stronger in fundamental facts than Lawton v. Riel, 34 How. Prac. 465; for here the means were furnished by the papers themselves to compute the exact amount of damages claimed by plaintiffs. Order must be affirmed, with costs and disbursements to respondents. Order affirmed, with costs to respondents.

CONLAN, J., concurs.

O'DWYER, J. I dissent. The proof failed to show that at the time the attachment was issued the plaintiffs were entitled to recover the sum of $960 as damages for their wrongful discharge. Order should be reversed, and motion granted, with $10 costs and disbursements.

FRIEDMAN, Respondent, v. HERTER et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Robert Friedman against Peter J. Herter and others.

John F. Coffin, for appellants. Shapiro & Shapiro (Aaron S. Shapiro, of counsel), for respondent.

CONLAN, J. This action was brought to foreclose a mechanic's lien upon certain premises on West Fifty-Second street in the city of New York. After issue joined, the case was referred to a referee to hear and determine. The complaint demands $400 as a balance due under the contract between the parties, and $530 for extra work. The judgment is for the $400, interest, and costs; the charge for the extra work not having been found in the plaintiff's favor. We have examined the whole case, and think there was ample evidence to sustain the findings and conclusions reached by the learned referee, and do not find any reason for disturbing the conclusions reached by him; and the judgment appealed from must therefore be affirmed. Judgment affirmed.

O'DWYER, J., concurs.

HASCALL, J. (dissenting). It appears to me that plaintiff did not show substantial compliance with the terms of his agreement as to his work, nor did he produce the architect's certificate that he was entitled to payment. For these reasons I dissent.

FULLER, Respondent, v. CITY OF MT. VERNON, Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by James K. Fuller against the city of Mt. Vernon. No opinion. Judgment and order unanimously affirmed, on authority of Archer v. City of Mt. Vernon, 63 App. Div. 286, 71 N. Y. Supp. 571, with costs.

F. W. DODGE CO., Appellant, v. MAY, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by the F. W. Dodge Company against Solomon May. J. S. Montgomery, for appellant. C. B. Palmer, for respondent.

PER CURIAM. It seems to this court either that the learned justice erred in the construction of the written agreement, in that it could be terminated at any time upon giving the specified notice, whereas it lasts by its terms for one year, and thereafter may be ended upon giving of the notice, or that he failed to notice the want of any testimony in the defendant's behalf of a breach by the plaintiff. The contract provided that plaintiff shall furnish "such information as it is able to obtain" regarding the subject-matter. An examination of the record fails to show any breach by plaintiff in that behalf, while the defendant admits receipt of the reports for the full term of one year. Judgment reversed, and new trial ordered, with costs to abide event.

GAINES, Respondent, v. JONES, Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Lottie Gaines against Missouri Gaines Jones, as administratrix, etc., of Ulysses Gaines, deceased. No opinion. Order affirmed, with $10 costs and disbursements.